P. H. BISHOP, for appellants.

ELA, GROVER & MARCH, for appellee; FRANK R. GROVER, of counsel.

MR. JUSTICE McGOORTY delivered the opinion of the court.

### Abstract of the Decision.

CONTRACTS, § 224*—*how the term "net cash" construed.* Where the owner of incumbered property advises a broker that he will take a certain amount "net cash" for the property and the broker informs him that he has a purchaser who will give a certain amount "net cash" therefor which offer the owner accepts, the term is to be construed as meaning that the owner is to receive the amount named clear of anything extraneous, with all deductions made, and the broker cannot deduct from the amount paid the amount of the incumbrance.

---

### Earl H. Macoy, Appellee, v. James D. Barton, Appellant.

### Gen. No. 20,982.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed April 28, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Earl H. Macoy, plaintiff, against James D. Barton, defendant, to recover a balance alleged to be due plaintiff on defendant's promissory note for $2,000. A writ of attachment issued in connection with said suit was served on the American Amusement Association, who filed its answer admitting it had become indebted to defendant in the sum of $644.24. The

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

court found the issues as to the attachment issue against defendant and on the merits rendered judgment against defendant for $1,467 and costs, from which defendant appeals.

The evidence showed that defendant delivered to plaintiff his said promissory note for $2,000 payable six months after date, and at the same time four certain promissory notes, of $1,000 each, executed by A. Wilbur Crane, payable to order of defendant, and by him indorsed, together with a $1,000 certificate of stock of the National Printing & Engraving Company, attached to each note. Defendant was indebted to said company (of which plaintiff was president, and defendant vice president) and had given to it, to apply on such indebtedness, his promissory note for $13,200, and it was agreed that the proceeds of the first Crane note to become due would be applied on the principal and interest of defendant's said note for $13,200, which was subsequently done, leaving an unpaid balance owing thereon of $12,998, for which sum defendant gave said company his promissory note in lieu of the original note of $13,200. Defendant testified that when he gave to plaintiff the three Crane notes remaining unpaid he then said to plaintiff: "You can have these for this note of $2,000 if I don't pay it, and if there is anything left you can apply it on any indebtedness I may owe the National Printing & Engraving Company." During defendant's absence in Europe, all of the notes in question were paid to plaintiff, who applied the proceeds of same to the interest and principal of defendant's promissory note for $12,998 and defendant's other indebtedness to the National Printing & Engraving Company. Plaintiff testified that the Crane notes were delivered to him by defendant immediately prior to the latter's departure for Europe, to apply to any contingency that might arise in defendant's affairs, with directions by defendant to use such notes as plaintiff's judgment might dictate. Defend-

ant did not deny his indebtedness to said company, but complained of the application by plaintiff of the proceeds of the three Crane notes to such indebtedness, instead of applying such proceeds to the unpaid balance of $1,467 owing plaintiff by defendant on the latter's said $2,000 note.

Leslie H. Whipp, for appellant.

Thomas S. Hogan and P. F. Murray, for appellee.

Mr. Justice McGoorty delivered the opinion of the court.

## Abstract of the Decision.

Bills and notes, § 440*—*when evidence sufficient to support judgment*. In an action to recover the balance due on a promissory note, evidence examined and *held* to support a judgment for defendant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.